THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHIL BROWN, Defendant-Appellant.

Third District   No. 75-280

Opinion filed July 30, 1976.

Robert Agostinelli and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank Yackley, State's Attorney, of Ottawa (James Hinterlong and Russell Boothe, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial defendant was found guilty of delivery of more than 30 grams but not more than 500 grams of cannabis and conspiracy to

deliver cannabis, and was sentenced on the delivery conviction to a term of imprisonment for not less than one year nor more than three years. The issues presented by defendant's appeal are whether defendant was deprived of the effective assistance of counsel at the sentencing hearing, whether the sentence is excessive, and whether the verdict for conspiracy should be reversed because that charge arose from the same conduct as the delivery of cannabis.

The State's evidence showed that defendant and Herbert Anderson participated in a transaction in which they sold approximately 78 grams of cannabis to an agent for the Illinois Bureau of Investigation. Defendant testified that he was not present when the sale occurred and that he did not know Herbert Anderson.

Prior to the date set for the sentencing hearing, defendant submitted a letter to the court in which he denied participating in the sale but admitted that his testimony that he was not present at the sale and was not acquainted with Herbert Anderson was not true. Defendant stated that he committed perjury because his attorney conditioned his representation of defendant on defendant testifying falsely.

At the sentencing hearing the trial court raised this matter, stating that the accusation was regarded as very serious, whether true or false. The court requested the State's Attorney to investigate the matter, and the State's Attorney asked that he be allowed to disclose the results of his investigation to a grand jury or bar committee, if appropriate. The record does not disclose the result of any investigation, but defense counsel denied the accusation and stated that he felt he should withdraw. He also stated that he felt he should not, consistent with ethical standards, continue to represent defendant after the accusation was made. In response to the trial court's inquiry, however, defense counsel stated that he would be willing to represent defendant at the sentencing hearing. When defendant was questioned, he said he was willing to be represented by this attorney because "sentencing is sentencing."

The Supreme Court has classified the right to have the assistance of counsel as one of the fundamental rights essential to a fair trial. (See *Gideon v. Wainwright* (1963), 372 U.S. 335, 344, 9 L. Ed. 2d 799, 83 S. Ct. 792. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 31, 32 L. Ed. 2d 530, 92 S. Ct. 2006, extends that right to State criminal proceedings under the due process clause of the fourteenth amendment. While ordinarily the power of appellate courts to review the facts is a limited one, if fundamental substantive or procedural rights, such as the right to effective counsel, are concerned, the court must carefully review both the law and facts to ensure the preservation of those substantial constitutional rights. See *United States v. Hamilton* (5th Cir. 1974), 492 F.2d 1110, 1115.

■■ A sentencing hearing is a critical stage of the criminal proceeding,

entitling the accused to the effective assistance of counsel. *(People v. Vesley* (1st Dist. 1967), 86 Ill. App. 2d 283, 229 N.E.2d 886.) The right to such assistance includes the right to the undivided loyalty of counsel, unhampered and unrestrained by commitment to others. *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441. See also *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81; *People v. Cross* (4th Dist. 1975), 30 Ill. App. 3d 199, 331 N.E.2d 643.

Here, the conflict is readily apparent. Counsel, having been accused of subornation of perjury, was placed in the awkward position of defending himself and denying the validity of defendant's accusation while urging the court to consider defendant's good moral character in an attempt to obtain probation or leniency. Moreover, counsel was expected to represent defendant zealously even though defendant had accused this attorney of committing a criminal offense and a serious breach of an attorney's ethical responsibilities.

While there is no indication that this attorney did not competently and diligently represent defendant at the sentencing hearing, as was stated in *People v. Stoval,* at page 113:

> "It is unfair to the accused, for who can determine whether his representation was affected, at least, subliminally, by the conflict. Too, it places an additional burden on counsel, however conscientious, and exposes him unnecessarily to later charges that his representation was not completely faithful."

We believe that once defendant made this accusation known to the court and this attorney, and the court requested an investigation into the validity of the charge, the attorney labored under an obvious and inherent conflict. Even though a dissatisfied client may falsely accuse his attorney, the conflict arose in the instant case because of the duplicitous position counsel was placed in before the sentencing hearing.

The State has contended that defendant adequately waived this issue and agreed to the continued representation by the attorney. A finding of waiver is not to be made lightly and courts will indulge in every reasonable presumption against such a finding. *(People v. Melvin* (5th Dist. 1975), 28 Ill. App. 3d 1090, 329 N.E.2d 890; *People v. Pruitt* (2d Dist. 1971), 2 Ill. App. 3d 434, 276 N.E.2d 19.) Here, the record does not show that defendant was made fully aware of the significance or implications of the conflict or of the critical nature of a sentencing hearing. Consequently we do not find that a waiver was knowingly and understandingly made.

Accordingly, in view of the conflict created by these circumstances and the ineffective waiver, defendant's sentence will be vacated and the case remanded for a new sentencing hearing.

Because of this disposition, it is unnecessary to consider defendant's contention that this court should reduce defendant's sentence to

probation. However, we point out that in *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, our Supreme Court held that a reviewing court does not have authority to reduce a sentence of imprisonment to probation, and the scope of review is limited to a determination of whether a request for probation was arbitrarily denied.

Finally, defendant contends that the conviction for conspiracy must be vacated because both offenses arose from the same conduct. Defendant also claims that while he was charged with conspiracy in violation of section 8—2 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 8—2), a prosecution under this provision has been preempted by passage of the Cannabis Control Act. Ill. Rev. Stat. 1975, ch. 56½, par. 701 *et seq.; see People v. Taylor* (4th Dist. 1974), 18 Ill. App. 3d 480, 309 N.E.2d 595.

■■ Although the record is not entirely clear, it appears that judgment was entered on both verdicts with defendant being sentenced only for the delivery offense. Multiple judgments of conviction are improper where the offenses arose from the same conduct. *(People v. Hood* (1974), 59 Ill. 2d 315, 319 N.E.2d 802.) Furthermore, section 8—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 8—5) prohibits convictions for both the inchoate and principal offense. (See *People v. Casner* (2d Dist. 1974), 20 Ill. App. 3d 107, 312 N.E.2d 709.) Therefore the conviction for conspiracy is reversed.

Accordingly, the judgment of conviction of the Circuit Court of La Salle County is affirmed in part, reversed in part, and remanded for a new sentencing hearing consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

ALLOY, P. J., and STOUDER, J., concur.