THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK GUSTAFSON, Defendant-Appellant.

Third District   No. 78-154

Opinion filed August 21, 1979.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John D. Sloan, State's Attorney, of Aledo (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Jack L. Gustafson, was charged by information in Mercer County with the offenses of burglary, robbery, and rape. Following a jury trial he was acquitted of the burglary charge but was convicted of both the offense of robbery and the offense of rape. Appointed counsel represented defendant throughout his trial and at his sentencing hearing. Defendant was sentenced to concurrent terms of 6 to 20 years for the robbery, and 20 to 50 years for the rape. An appeal was taken from both judgments of conviction and sentences imposed.

The defendant allegedly robbed and raped a woman in the early morning hours of June 11, 1977, in her Sherrard, Illinois, home. Although the victim was unable to positively identify the defendant as her attacker, the State introduced a very strong case on the basis of circumstantial evidence. The record reflects that evidence was introduced which showed that defendant's truck was parked near the victim's home at about the time the attack occurred, that the victim scratched her attacker during the struggle on the right shoulder which corresponded to a similar scratch on the defendant when he was arrested, and the victim's blouse was found inside the defendant's truck. Other less significant evidence added weight to the otherwise strong circumstantial case against defendant which precludes any argument that defendant was not proved guilty beyond a reasonable doubt.

After the jury had returned verdicts of guilty as to both the charges of robbery and rape, a combined hearing on post-trial motions and sentencing was conducted. The State presented evidence in aggravation consisting of defendant's prior convictions of forgery and burglary. No evidence in mitigation was presented. However, in a presentence report the defendant made a written statement which stated in essence that he was not happy with his court-appointed attorney's representation during the course of the trial in chief. He alleged that the evidence against him was "just not believable" and that he and his family noticed inconsistencies in the witnesses' testimony which his attorney had not used. Gustafson's written statement further recited,

"I offered my attorney names of people that I wanted to be called as witnesses in my behalf, and nothing was done about them, they were not called at all.

I could go on, but somehow I think that the truth is yet to be known, and in the future appeal of this case, perhaps an attorney with a little individuality will not only try to prove my innocence but have the fortitude it takes to do his best without the fear of being an adequate defense counsel. Could it be that my counsel in these cases was interested only in finding approval in the State's Attorney's Office, or was he genuinely uninterested in defending the nature of the crime? I don't know. In fact, all I do know is that I more than likely could have defended the case better than he.

I take no credit away from where credit is due. Mr. Moody is no doubt an adequate attorney with the interest driving him. I just feel there was none in my case for him."

After considering the presentence report and arguments of respective counsel, including defendant's same court-appointed counsel and his argument in mitigation, the trial court sentenced the defendant as aforesaid.

On appeal defendant argues two issues, which he phrases as:

I. Whether the defendant was denied effective assistance of counsel where defense counsel continued to represent the defendant in post-trial proceedings after a *per se* conflict of interest on the part of defense counsel became readily apparent.

II. Whether Jack Leonard Gustafson was sentenced to an excessive sentence of imprisonment due to the trial court's improper sentencing considerations and the imposition of a sentence which does not reflect his amenability towards treatment and potential for rehabilitation.

Defendant's first argument is that he was denied effective assistance of counsel when he was represented at the sentencing hearing by the same court-appointed attorney who had represented him in his trial in chief after an alleged conflict of interest had arisen in his attorney. Defendant theorizes that a *per se* conflict of interest arose in his attorney when he made the trial court aware in his statement in the presentence report that he was unhappy with his court-appointed attorney's representation. The gist of defendant's claim on appeal is that since he was personally dissatisfied with his appointed counsel's trial performance and since he made this dissatisfaction known to the trial court prior to the sentencing hearing, a *per se* conflict of interest arose. We have examined defendant's critique of his appointed counsel's performance. His complaints are very vague and general. For example, he accuses his attorney of not calling as witnesses those people whom he had offered to him without specifying what their testimony would have been or in what way if any they would have aided his attorney in preparing his defense. Indeed the record reflects that no defense was readily available to the defendant other than questioning the victim's identification of him as the perpetrator of the offenses. This his attorney did in a very adequate way. To fully appreciate the nature of the evidence in this case and the difficulty of preparing a defense, the statement of the trial court in denying defendant's post-trial motions is particularly revealing. The trial court stated:

"While the trial was going on after the first day the Court had an opportunity to go home at night and I was trying to anticipate what the defense was going to be. I couldn't figure out what it was going to be and I could understand Mr. Moody's [defense counsel's] position in this case of not putting the defendant on the witness stand and calling any witnesses. *I don't think there was any conceivable defense,* and I don't think it's up to the defendant to put up a smoke screen. I think the evidence was clear." (Emphasis added.)

Defense counsel is under no duty to manufacture a defense if none exists. *People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649.

■■ We fail to find any basis for a conflict of interest present in defendant's court-appointed attorney. The defendant's statement only generally refers to his appointed trial attorney's failings. In *People v. Hills* (1979), 71 Ill. App. 3d 461, 467, 389 N.E.2d 873, 877, we recited the standard to be applied in determining the competency of appointed counsel (citing *People v. Georger* (1972), 52 Ill. 2d 403, 288 N.E.2d 416):

" 'In order to establish lack of competent representation at trial, it is necessary to demonstrate "actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney" which results in substantial prejudice without which the outcome would probably have been different.' 52 Ill. 2d at 409, 288 N.E.2d at 419."

The defendant was competently represented in the present case. The record presented to us is simply that of a convicted felon unhappy with his attorney and the outcome of the trial after his conviction.

Gustafson relies for support of his argument of a *per se* conflict of interest upon the case of *People v. Brown* (1976), 40 Ill. App. 3d 562, 352 N.E.2d 15. In *Brown* a convicted defendant attacked his attorney by accusing him of subornation of perjury which we held to be an inherent conflict of interest when the same attorney, who had denied the charge against him and asked to withdraw from the case, continued to represent Brown at the sentencing hearing. The accusation in *Brown* concerned trial counsel's alleged dishonesty and illegal unethical conduct which caused inherent hostility between attorney and client sufficient to be classified as a readily apparent conflict of interest. The accusation in the case at bar was far less serious and indicated dissatisfaction with the result of the trial rather than any concrete complaints of truly incompetent performance of appointed counsel.

Defendant also erroneously relies on the case of *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, where the defense attorney represented the victim of the crime in addition to the defendant and clearly resulted in a *per se* conflict of interest. Also distinguishable are the cases of *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863, and *People v. Ball* (1977), 50 Ill. App. 3d 36, 365 N.E.2d 243. Both cases challenge the credibility of defense counsel in guilty-plea cases where the defendants sought to vacate the guilty pleas subsequently. We view the conflict in such a situation readily apparent where an attorney would be placed in the situation of challenging his own veracity as in the *Brown* case.

■■ In the case at bar the defendant's complaints of his appointed trial counsel's ineffectiveness came at the sentencing hearing. As will be more fully set out hereafter, defendant's allegations of a poor choice of trial tactics or poor trial performance had no effect on the same appointed

attorney's presentation of evidence in mitigation at the sentencing hearing. Although it can not be expected of an appointed trial attorney to argue his own ineffectiveness at a post-conviction hearing, as in the case of *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, it was not a *per se* conflict for the defendant's appointed counsel to continue to represent him at the sentencing stage of the proceedings in the case at bar. The underlying policy considerations which prohibit the finding of a *per se* conflict of interest in cases such as the instant appeal were adequately summarized in *People v. Gardner* (1977), 47 Ill. App. 3d 529, 362 N.E.2d 14, where the court stated:

"Should the courts develop a rule requiring reversal upon a showing of personal conflict and animosity arising from an incident between a defendant and his counsel which results in a complaint being filed with the appropriate authorities? The rule would become a spawning ground for frivolous appeals and supply a reason for defendants not to fully cooperate with court-appointed counsel. Whenever a difference of opinion regarding possible trial tactics or defenses might arise between a defendant 'and his attorney, such a rule would promote noncooperation and disputes over the smallest differences of opinion. Furthermore, such a rule would instigate the filing of groundless complaints with the Attorney Registration and Disciplinary Commission whenever a defendant became dissatisfied with the performance of his attorney in order to assure a reliable mode of reversal should conviction result from the trial." (47 Ill. App. 3d 529, 534, 362 N.E.2d 14, 18-19.)

Defendant's argument fails to show that a conflict of interest existed so as to warrant invocation of the *per se* conflict of interest rule.

■■■ The second issue presented is whether the defendant's sentences were excessive. However, sentencing is an exercise of discretion in the trial court and will only be reversed where an abuse of discretion is shown. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The sentences imposed by the trial court exceeded the recommended minimums but do not ignore the possibility of rehabilitation or constitute an abuse of discretion. Consistent with Section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(c)), a higher-than-minimum term of a sentence can be set only if the court considers the history and character of the defendant. That the court considered both defendant's history and his character prior to announcing the sentences is well supported by the record. Although the court noted in sentencing that the defendant maintained his innocence after conviction in spite of overwhelming evidence of guilt and his many prior contacts with the law, other permissible criteria were clearly present to authorize

the sentences actually imposed. It is presumed that the trial court was not influenced by the impermissible factors which should not be considered in sentencing, and rather considered only the other competent evidence before it. (*People v. Whiteaker* (1975), 30 Ill. App. 3d 848, 334 N.E.2d 200.) We believe the sentences imposed were not excessive when viewed in light of the nature and circumstances of the crimes charged and the history and character of the defendant. Under similar aggravating facts in another forcible rape case we recently approved a greater sentence. *People v. Matthews* (1979), 69 Ill. App. 3d 65, 387 N.E.2d 10.

For the foregoing reasons we affirm the defendant's convictions and the sentences imposed upon him.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.