THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE B. LEWIS, Defendant-Appellant.

Fifth District　No. 79-273

Opinion filed January 4, 1980.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and E. Joyce Randolph, research assistant, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Willie B. Lewis, was convicted of burglary by a jury in the Circuit Court of St. Clair County, and was sentenced to a term of imprisonment of seven years. Defendant's sole contention on appeal is that he was denied a fair post-trial motion and sentencing hearing where he was represented by counsel whom defendant characterized in motions before the court as incompetent during trial.

While returning to her automobile from a clothing store in East St. Louis, Jo Ann Campanella observed a leg protruding from her vehicle through the open passenger-side door. As she neared the vehicle, she was noticed by the person in it, who immediately got out of the automobile and fled on foot. The intruder carried off Ms. Campanella's telephone operator's headset and a flashlight. The victim gave chase; and when she was within three feet of the man, he dropped the headset and flashlight and ran away. Ms. Campanella returned to her car and noticed that the glove box had been pried open and the ignition system tampered with. She discovered several items which had not been in the vehicle previously, a brown hat, a steel pipe and a set of keys.

After some difficulty, Ms. Campanella was able to start her automobile and proceed home. Shortly thereafter she saw the man who broke into her car crossing a street. When the man recognized the victim, he hailed a taxi. Ms. Campanella followed the taxi until she saw a police car parked in front of a Western Auto store. She entered the store and explained what had occurred to a policeman, who, coincidentally, was investigating an armed robbery at the store. He radioed for assistance, and soon another policeman entered the store with defendant in custody. Ms. Campanella identified defendant as the man who had been in her car. After the State's case in chief was concluded, defendant rested without presenting any witnesses.

Prior to sentencing, defendant personally addressed several hand-written motions to the court alleging that his trial counsel was incompetent in that he failed to present a defense at trial. He also requested a new trial and new counsel since his counsel, Mr. Hermann, was a "shell of a man * * * that had severe brain damage in which a tumor was removed from his brain." Mr. Hermann appeared at the post-trial motion and sentencing hearing on behalf of defendant. The trial court, indicating that it would treat defendant's *pro se* motions as part of the post-trial motion, denied them. At no time did the trial court inquire into defendant's allegations regarding the competency of defendant's trial counsel.

Defendant contends that the net result of his motions challenging the competency of Mr. Hermann was to call Mr. Hermann's loyalty toward him into question. Thus, he claims that his counsel at the sentencing hearing labored under a conflict of interest; and his support for this contention comes from *People v. Brown* (1976), 40 Ill. App. 3d 562, 352 N.E.2d 15. In that case, defendant accused his counsel of inducing him to testify falsely. The same attorney represented defendant at the sentencing hearing. In remanding for a new sentencing hearing, the court stated:

> "Here, the conflict is readily apparent. Counsel, having been accused of subornation of perjury, was placed in the awkward position of defending himself and denying the validity of defendant's accusation while urging the court to consider defendant's good moral character in an attempt to obtain probation or leniency. Moreover, counsel was expected to represent defendant zealously even though defendant had accused this attorney of committing a criminal offense and a serious breach of an attorney's ethical responsibilities." *People v. Brown* (1976), 40 Ill. App. 3d 562, 564, 352 N.E.2d 15, 17.

We find *Brown* inapposite to the instant case. The attorney in *Brown* was accused of conduct constituting criminal behavior; whereas here, the conduct ascribed to Mr. Hermann does not hint of criminal or unethical

behavior. We are unable to say that defendant's remarks concerning incompetency were sufficient to affect the loyalty of his counsel. See also *People v. Gustafson* (1979), 75 Ill. App. 3d 497, 393 N.E.2d 1315.

The record indicates that defendant's counsel represented to the court that defendant had several motions which he had not seen. This remark came after the hearing on defendant's post-trial motion and demonstrated that defense counsel was unaware of defendant's dissatisfaction with him prior to that time. Although the court had been made aware of the fact that defendant was not satisfied with counsel, there is no showing that defense counsel shared this knowledge. Further, the record indicates that defense counsel presented a motion to suppress defendant's identification, thoroughly cross-examined the State's witnesses, offered jury instructions and presented a closing argument. Therefore, it cannot be said that defendant's remarks concerning counsel's competency affected his loyalty to the defendant or influenced his representation of defendant.

For the foregoing reasons, we hold that there was no error committed by the trial court.

Affirmed.

JONES, P. J., and HARRISON, J., concur.