THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KENT FIELDS, Defendant-Appellant.

Third District   No. 79-396

Opinion filed September 26, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was convicted in a bench trial of the November 11, 1978, burglary of a Clark Oil Station in Peoria. Following a hearing on post-trial motions and sentencing, he was sentenced to a 6-year term of imprisonment. Defendant appeals, contending that he did not receive the effective assistance of counsel at the hearing on post-trial motions and sentencing because of a conflict of interest on the part of appointed defense counsel.

At trial the State introduced evidence that the Clark Oil Station was burglarized between 4 and 4:55 a.m. on the date in question, and several

cartons of cigarettes were removed. At about 6 or 7 a.m. defendant arrived at the apartment of Joyce Netters, who was living with defendant's friend, Johnny Rodgers. Netters answered the door, and defendant asked to see Rodgers. When Netters told defendant that Rodgers was asleep, defendant said he wanted to sit in Rodgers' car. Netters gave him the keys to the car, a white 1963 Chevrolet.

At about 7 a.m. a police officer observed defendant standing behind a white car with the trunk lid raised. Defendant looked at the officer, slammed the lid of the trunk, and walked away at a rapid pace.

Three large cardboard boxes containing cartons of cigarettes were later recovered from the trunk of Rodgers' car. The name and address of the Clark Oil Station appeared on the boxes, and one of the three contained a latent palmprint which matched that of defendant.

The only evidence presented by the defense was defendant's testimony. He said that he and Kenneth Burroughs went to two parties on the night in question. They then went to the downtown area until about 4 a.m. when they went to Burroughs' house. From there defendant walked to his sister's apartment where he stayed 10 or 15 minutes. At about 4:30 a.m. he began walking to his mother's house to get some clean clothes when he was approached by Kevin Satterfield, a person he had seen in the Harrison Homes area. Satterfield asked defendant if he wanted to buy some cigarettes, and defendant asked to see them. They went to a nearby apartment where defendant purchased the three boxes. With Satterfield's help defendant took them to his mother's house. Defendant testified he later obtained the keys to Rodgers' car, and, with the help of his 13-year-old nephew, he carried the boxes to the car.

Following defendant's conviction, a presentence report was prepared and filed which contained a written statement by defendant in which he expressed his dissatisfaction with his appointed trial attorney and requested a new trial. More specifically, in the statement defendant complained of the fact that his attorney did not call certain witnesses who defendant had informed him could establish defendant's whereabouts at the time of the offense.

The same appointed attorney who represented defendant at trial represented him at the hearing on post-trial motions and sentencing. The attorney filed a motion for a new trial on defendant's behalf which did not raise the issue of ineffective assistance of counsel.

At the subsequent hearing defendant orally stated to the court his dissatisfaction with his attorney's representation at trial. The attorney responded to the court that he did not fail to call witnesses defendant wanted him to call. After argument the court denied the motion for a new trial prepared by defense counsel. The court did not, however, rule on

defendant's *pro se* request for a new trial which alleged defense counsel's incompetence. Following arguments on sentencing alternatives, defendant received a 6-year term of imprisonment.

■■ Defendant contends that his appointed attorney was laboring under a conflict of interest at the hearing on post-trial motions and sentencing because in his written statement defendant sought a new trial on the grounds of that same attorney's incompetence. Defendant maintains that the attorney's interest in protecting his professional reputation conflicted with defendant's interest in advancing his claim of ineffective assistance. We agree.

In *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, the defendant, who had pleaded guilty to charges of rape, robbery, and assault with intent to commit rape, filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, pars. 122—1 through 122—7), in which he alleged, *inter alia*, incompetence of the assistant public defender who represented him in connection with his guilty plea. Another attorney from the same public defender's office was appointed to represent the defendant in connection with his post-conviction petition. The supreme court reversed the subsequent dismissal of the petition, and remanded the cause, stating:

> "[U]nder the circumstances present here, the petitioner was entitled to be represented at the hearing on his petition by appointed counsel other than the public defender. We have previously recognized the disadvantages, both to petitioner and the public defender's office, in having a representative from that office present petitioner's cause when his petition is based in part upon charges of incompetent representation afforded him at trial by the public defender. [Citation.] This circumstance clearly confronts the public defender's office with a conflict of interest since, on one hand, its natural inclination would be to protect its reputation by defending against the charges of incompetency while, on the other hand, its duty as an advocate is to aid petitioner in establishing the veracity of these charges." 37 Ill. 2d 622, 624.

The principle of the *Smith* case was extended in *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, where the defendant, who had pleaded guilty to charges of armed robbery, filed a *pro se* motion to withdraw the plea in which he alleged, *inter alia*, that he was unfairly persuaded to plead guilty because defense counsel failed to develop an alibi defense. One of the two assistant public defenders who represented the defendant when he entered the guilty plea was appointed to represent him in connection with his motion. The reviewing court reversed the subsequent denial of the motion and remanded the cause, stating:

"[A]n attorney * * * is under a duty to withdraw as counsel when the issue [of his own inadequacy] arises." (46 Ill. App. 3d 536, 541, 361 N.E.2d 105, 110.)

See also *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863.

■■ As far as the right to counsel unencumbered by a conflict of interest is concerned, we can perceive no difference between the motions to withdraw guilty plea involved in *Norris* and *Freeman* and the motion for a new trial in the instant case. When defendant's statement requesting a new trial came to the attention of the court and counsel, defendant's attorney was under a duty to withdraw from the case. Although a criminal defendant whose attorney labored under a conflict of interest need not show that the legal representation was affected by the conflict (*People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441; *Freeman*), it is significant that, in the instant case, defendant's attorney not only failed to advance the claim of ineffective assistance at trial, but, in effect becoming a witness, he denied the factual allegations on which the claim was based.

The State cites *People v. Gardner* (1977), 47 Ill. App. 3d 529, 362 N.E.2d 14, for the proposition that mere personal animosity arising from an incident between an accused and his counsel, which resulted in the filing of a complaint, does not necessarily give rise to a conflict of interest. In the instant case, however, the conflict of interest did not arise from personal animosity, but rather from the fact that defense counsel was called upon to argue his own incompetence.

Finally, the State relies on *People v. Gustafson* (1979), 75 Ill. App. 3d 497, 393 N.E.2d 1315, and *People v. Lewis* (1980), 80 Ill. App. 3d 807, 400 N.E.2d 454. In each of those cases after the defendant had been convicted, but prior to or at the hearing on post-trial motions and sentencing, the defendants informed the court of their dissatisfaction with defense counsel. The dissatisfaction stemmed from the alleged failure of defense counsel to develop a defense. In each case, the reviewing court rejected the claim that defense counsel was laboring under a conflict of interest at the hearing on post-trial motions and sentencing.

Although *Gustafson* and *Lewis* are factually similar to the instant case, they are readily distinguishable. In those two cases, the defendant's arguments of conflict of interest were apparently based on the personal animosity which resulted from the allegations of incompetence. As stated in *Lewis*:

"Defendant contends that the net result of his [pro se] motions challenging the competency of [defense counsel] was to call [counsel's] loyalty toward him into question. Thus, he claims that his counsel at the sentencing hearing labored under a conflict of interest * * *." 80 Ill. App. 3d 807, 808, 400 N.E.2d 454, 455.

The court in *Gustafson* relied on *Gardner* in holding that such

personal animosity did not give rise to a conflict of interest, and the court in *Lewis* relied on *Gustafson*. It bears repeating that in the instant case defendant bases his claim of a conflict of interest, not on personal animosity, but rather on the fact that his attorney was called on to argue his own ineffectiveness.

For the reasons stated above, the judgment of the Circuit Court of Peoria County is reversed, and the cause is remanded for a new hearing on post-trial motions and sentencing at which defendant should be represented by counsel other than the attorney who represented him at trial or other attorneys from the public defender's office.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.