THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT DIXON, Defendant-Appellant.

Third District   No. 3—84—0151

Opinion filed May 17, 1985.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a bench trial, the defendant, Albert C. Dixon, was convicted of the offense of burglary. The defendant was sentenced to a three-year term of imprisonment. On appeal, the defendant asserts that he must be granted new post-trial and sentencing hearings because his private counsel labored under a conflict of interest during these proceedings.

The defendant's trial was held before the Honorable Stephen J. Covey. During the hearing on post-trial motions, the defendant presented a *pro se* motion for a new trial in which he alleged that his trial counsel was ineffective. The defendant alleged specifically that counsel had incorrectly advised the defendant to waive a jury trial and represented that the defendant's resulting bench trial would be before Judge Paolucci.

Following the presentation by the defendant of his oral motion, counsel for the defendant responded to the defendant's allegations. The following colloquy was heard:

"MR. GIBSON: Well, I would simply indicate to the Court that if I could on my own behalf—

THE COURT: Sure.

MR. GIBSON: The first place, [*sic*] were viewed by myself, the case indicated to me that we would be best after all going in front of a judge, by obtaining a bench trial in front of anyone.

THE COURT: Yes.

MR. GIBSON: Secondly, Mr. Dixon certainly had the opportunity to attempt to stop the proceedings, raise this point when the trial started and indeed you were sitting in that chair."

The trial court denied the defendant's motion.

■ The defendant now urges on appeal that the trial court erred in denying his motion since counsel for the defendant was laboring under a conflict of interest during post-trial proceedings. Failure to replace defense counsel, according to the defendant, resulted in a denial of effective assistance of counsel during the post-trial and sentencing hearings.

The defendant relies on our decision in *People v. Fields* (1980), 88 Ill. App. 3d 821, 410 N.E.2d 1178. In *Fields*, we held that a defendant was entitled to new hearings on his post-trial motion and on sentencing because his attorney during those proceedings operated under a conflict of interest. Fields' attorney had denied the allegations made by the defendant in a post-trial motion that the attorney had rendered ineffective assistance.

The defendant asserts that the decision in *Fields* is dispositive of the issue now before us. We agree that *Fields* is factually similar to the case at bar. We decline, however, to interpret *Fields* as creating a *per se* conflict of interest whenever a defense attorney's competence is questioned by his client during post-trial proceedings.

In *Fields*, we held that the defendant's attorney labored under a conflict of interest because the attorney opposed the allegation that he was incompetent. However, in *People v. Johnson* (1981), 98 Ill. App. 3d 228, 424 N.E.2d 610, this court held that there was no conflict of interest where the defendant alleged in a post-trial motion that his counsel was incompetent and counsel denied the factual allegations underlying the defendant's claim of incompetence. In reaching this decision, the court found that "the underlying allegation of incompetence determines whether an actual conflict of interest exists." 98 Ill. App. 3d 228, 232, 424 N.E.2d 610, 614.

We reaffirm the principles set forth in *Johnson* for determining when counsel's opposition to a post-trial motion alleging incompetence constitutes a conflict of interest. The fact that counsel responds to the allegations of incompetence creates no greater conflict of interest than the fact that counsel has been alleged to be incompetent in the first place.

■ In the instant case, the underlying allegation did not create a conflict of interest. Even assuming the allegations to be true, the defendant had no right to trial before a specific judge. Any alleged misinformation from counsel as to which judge would preside at his bench trial did not render the defendant's jury waiver invalid. The defendant failed to demonstrate incompetence and, thus, failed to show a conflict. The defendant was not deprived of effective assistance of counsel during the hearing on his post-trial motion and the

sentencing hearing.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.