(No. 75426.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HIGINIO RAMIREZ, Appellant.

*Opinion filed October 20, 1994.*

Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Charles Reynard, State's Attorney, of Bloomington (Rosalyn B. Kaplan, Solicitor General, and Arleen C. Anderson and Michael M. Glick, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The defendant, Higinio Ramirez, brings this appeal from an order of the circuit court of McLean County dismissing his post-conviction petition. The defendant was convicted, pursuant to a plea of guilty, of unlawful possession of more than 500 grams of cannabis with the intent to deliver, a Class 2 felony (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 705(e)). Following a hearing, the trial court sentenced the defendant to five years' imprisonment and imposed a fine of $30,000, the street value of the cannabis. The defendant subsequently filed a motion to withdraw his plea of guilty, which was denied following a hearing. The defendant then filed an appeal,

where the only issue raised was whether the sentence resulted from an abuse of discretion. The appellate court affirmed the defendant's conviction and sentence (No. 4—91—0524 (unpublished order under Supreme Court Rule 23)).

Following his appeal, the defendant filed a *pro se* petition for post-conviction relief, which alleged, *inter alia*: (1) that the defendant's guilty plea was coerced by a false promise from his attorney; (2) that the defendant's attorney rendered ineffective assistance at trial by promising the defendant that he had a deal wherein the judge had agreed to sentence the defendant to a two-year term of probation; and (3) that appellate counsel rendered ineffective assistance of counsel in that he filed an appeal on grounds unknown to the defendant and without the consent of the defendant. In support of his allegations, the defendant filed an affidavit in which he declared that his attorney convinced him to plead guilty by promising that he had worked out a deal with the judge so that the defendant would receive a two-year term of probation. The petition was also accompanied by the affidavit of Emma De La Fuente in which she stated that she paid the defendant's attorney $5,000 after he informed her that he would be the only one to file an appeal in the case. After examining the defendant's petition, the court's file and the transcript, the trial court dismissed the defendant's petition as "patently without merit" pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1) without the appointment of counsel. The appellate court affirmed the judgment with one justice dissenting. (242 Ill. App. 3d 954.) We allowed the defendant's petition for leave to appeal (145 Ill. 2d R. 315).

PREFATORY NOTE

The Post-Conviction Hearing Act (Ill. Rev. Stat.

1991, ch. 38, par. 122—1 *et seq.*) (Act) provides a remedy to a criminal defendant who claims that a substantial violation of his Federal or State constitutional rights occurred in the proceedings which resulted in his conviction. (*People v. Eddmonds* (1991), 143 Ill. 2d 501, 510.) A post-conviction proceeding is not an appeal *per se*; rather, it is a collateral attack on a prior judgment. (*Eddmonds*, 143 Ill. 2d at 510; *People v. Caballero* (1989), 126 Ill. 2d 248, 258.) This court has held that the purpose of a post-conviction proceeding is to consider constitutional issues, which have not been, and could not have been, previously adjudicated. *Eddmonds*, 143 Ill. 2d at 510; *People v. Silagy* (1987), 116 Ill. 2d 357, 365.

Under section 122—2.1 of the Act, which is applicable here, the trial court may summarily dismiss the petition without the appointment of counsel or an evidentiary hearing if it deems the petition "frivolous" or "patently without merit." The trial court may examine the court file and any transcripts of the proceeding in which the petitioner was convicted in arriving at its decision. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(c).) If the petition survives summary dismissal, the court then orders the petition docketed for further consideration in accordance with sections 122—4 through 122—6. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(b).) At this point in the proceeding, an indigent defendant is entitled to appointment of counsel and the State is entitled to file a motion to dismiss attacking the sufficiency of the petition. (Ill. Rev. Stat. 1991, ch. 38, pars. 122—4, 122—5.) If the State's motion to dismiss is denied, the trial court conducts an evidentiary hearing and determines whether to grant or deny the relief requested in the petition. Ill. Rev. Stat. 1991, ch. 38, par. 122—6.

The central issue before this court is whether the trial court erred in summarily dismissing the defendant's petition as "patently without merit," and there-

fore improperly precluded advancement to the next stage of the proceedings, namely, appointment of counsel to the indigent defendant.

# I

The defendant first argues that his petition and supporting affidavits contained sufficient factual allegations to support his claim that his guilty plea was involuntary and the result of ineffective assistance of counsel. As stated, the defendant's petition alleged that he was denied the effective assistance of counsel because his attorney induced him to plead guilty by erroneously advising him that he had worked out a deal with the judge whereby the defendant would be sentenced to a two-year term of probation. The defendant insists that he relied on his counsel's erroneous advice, and that he was coerced into entering a plea of guilty which was therefore involuntary.

Before addressing the substance of the defendant's argument, we initially examine a procedural matter. The defendant contends that the trial court, in summarily dismissing his petition, improperly relied solely on the record before it, even though the defendant's allegations related to an off-the-record discussion with his attorney. We find that it was appropriate for the trial court to rely on the record, given the fact that, during the guilty plea hearing, the trial court directed specific questions to the defendant which addressed the issues currently raised in the defendant's petition.

Our review of the record shows that the allegations made in the defendant's petition are refuted by the defendant's responses to the trial court's questions at the guilty plea hearing, at the sentencing hearing, and at the hearing on the motion to withdraw the defendant's guilty plea. The record reveals that the defendant's guilty plea was made knowingly, voluntarily and intelligently.

At the hearing where the defendant entered a plea of guilty, the trial court duly admonished the defendant pursuant to Rule 402 (134 Ill. 2d R. 402) before accepting the defendant's plea. As part of the admonishment, the court initially asked the defendant whether he understood the English language clearly. The defendant responded, "Yes, yes." In response to the court's question of whether he understood the nature of the charges against him, the defendant also responded in the affirmative. After the court verified that the defendant understood the plea agreement, and that the State would be asking for a sentence of five years' imprisonment and a fine of $30,000, the court then asked the defendant whether anything else had been promised to him:

"THE COURT: Has anything else been promised to you at all?

MR. RAMIREZ: No.

THE COURT: I mean no one said to you, 'Well, we'll put down five years there, but really it's only going to be three years, or it won't be five,' or anything of that sort?

MR. RAMIREZ: No."

Additionally, the record of the plea proceedings shows that the trial court was meticulous in determining whether the defendant's guilty plea was made voluntarily and intelligently. After explaining to the defendant the charges against him for a second time, and discussing the minimum and maximum possible sentences, the trial court engaged in the following colloquy with the defendant:

"THE COURT: Okay. Has anybody threatened you in any way to get you to plead guilty?

MR. RAMIREZ: No.

THE COURT: Anybody forcing you in any way to get you to plead guilty?

MR. RAMIREZ: No, sir.

THE COURT: Do you believe you understand everything that we've discussed here?

MR. RAMIREZ: Yes.

THE COURT: Do you have any questions about anything else?

MR. RAMIREZ: No, I guess I got it pretty clear.

\* \* \*

THE COURT: You understand you don't have to plead guilty, that's your choice to make?

MR. RAMIREZ: Yes."

In addition to the hearing at which the defendant entered his plea of guilty, the defendant was also given the opportunity to convey any misunderstanding resulting from his attorney's alleged misrepresentations at the sentencing hearing and at the hearing on the motion to withdraw the guilty plea. The defendant does not allege any facts which would have prevented him from informing the trial court that his attorney coerced him into pleading guilty by promising him probation. At the sentencing hearing, after imposing sentence on the defendant, the trial court asked the defendant if he had any questions. The defendant responded, "No, sir." At no point during the sentencing hearing did the defendant object to his sentence. Finally, at the hearing on the motion to withdraw the guilty plea, the defendant was asked by his attorney:

"Q. What did—what is your understanding as far as what sentence you thought you were going to receive?

A. Well, I was to agree to five years by signing all this, and I thought I was going to end up getting probation. That's all I understood as far as an agreement to that pleading guilty."

Based upon the foregoing, we find that the defendant had the opportunity at the guilty plea hearing, again at the sentencing hearing, and finally during the hearing on the defendant's motion to withdraw his guilty plea to indicate to the trial court that his guilty plea was coerced by misrepresentations from his attorney that he would receive probation. As stated, the record reveals that the trial court thoroughly questioned

the defendant to determine the basis of the guilty plea. The trial court was meticulous in ascertaining whether any promises or threats had been made by anyone to induce the defendant's guilty plea. The defendant stated unequivocally that no promises or threats had been made to induce him to plead guilty. The defendant also advised the trial court that he understood the consequences of his plea and the possible range of sentences which could be imposed. Thus, we conclude that the defendant's responses on the record contradict the assertions raised in his post-conviction petition that he pled guilty in reliance upon his counsel's promise that he would receive probation, and that such misrepresentations resulted in his denial of effective assistance of counsel. See *People v. Jones* (1991), 144 Ill. 2d 242, 262-63; *People v. Spicer* (1970), 47 Ill. 2d 114, 118-19.

Next, the defendant argues that, although he was duly admonished at the time of his plea, such admonitions are not necessarily conclusive on the issue of whether the defendant was coerced by misrepresentations that occurred off-the-record. In support of this argument, the defendant relies on *People v. Morreale* (1952), 412 Ill. 528. In *Morreale*, the defendant initially entered a plea of not guilty to the charge of committing a crime against nature. When the cause was called for trial, a "youthful associate" of the defense counsel appeared and asked for a continuance because the defendant's counsel was at trial in another case. The assistant State's Attorney advised the court that the matter could be disposed of quickly and asked that the case be passed while he spoke with the defendant's attorney. The assistant State's Attorney then sought out the defendant's attorney in another courtroom and suggested that the defendant plead guilty because the State would not oppose probation. When the defendant's attorney stated that he could not appear and dispose of

the matter that day, the assistant State's Attorney urged that counsel's associate appear on the defendant's behalf. The defendant's counsel acquiesced and his associate advised the defendant to plead guilty. When the defendant expressed doubts about following this advice, he was taken to the other courtroom, where his retained counsel told him not to " 'worry about anything; plead guilty and you will get probation.' " (*Morreale*, 412 Ill. at 530.) The defendant then returned to the courtroom, withdrew his plea of not guilty and entered a plea of guilty. After the guilty plea was accepted, the trial court sentenced him to a term of 5 to 10 years' imprisonment.

The court in *Morreale* held that the defendant was entitled to withdraw his guilty plea, which it found involuntary. This court concluded that the trial court's admonitions at the plea proceedings were insufficient to negate the effect of counsel's erroneous advice regarding the defendant's sentence. (*Morreale*, 412 Ill. at 533-34.) In reaching this conclusion, the *Morreale* court, however, found several circumstances peculiar to the record which led it to believe that the defendant's guilty plea was involuntary.

Specifically, the *Morreale* court noted that the hurried consultations between the defendant, his attorney, his attorney's "youthful associate" and the assistant State's Attorney, which occurred during a recess of court by passing back and forth between two courtrooms, inevitably engendered confusion and misapprehension in the defendant. (*Morreale*, 412 Ill. at 532-33.) The court also noted that the pressure exerted by the assistant State's Attorney resulted in denying the defendant representation by the actual counsel of his choice. (*Morreale*, 412 Ill. at 533.) The haste and manner in which the guilty plea was arranged led the court to believe that the defendant was induced to change his

plea while confused and in a state of misapprehension. (*Morreale*, 412 Ill. at 533.) After considering all of these circumstances, including the fact that the assistant State's Attorney was the one who suggested that the defendant would not be harmed by pleading guilty, the court found that the defendant's guilty plea was not a "knowing and studied attempt to throw himself on the mercy of the court in a hope for milder punishment." *Morreale*, 412 Ill. at 533.

These factors are not present here. The defendant was not being represented by his counsel's "youthful associate." The assistant State's Attorney was not advising or pressuring the defendant to plead guilty in return for a more lenient sentence. The defendant was not "induced to change his plea while confused and in a state of misapprehension." (*Morreale*, 412 Ill. at 533.) Moreover, the trial court's admonitions to the defendant under Supreme Court Rule 402 (134 Ill. 2d R. 402) were more comprehensive than those required in 1952 when Morreale pleaded guilty, and adequately ensured that the defendant was entering a voluntary plea of guilty. (See *Jones*, 144 Ill. 2d at 265; compare Ill. Rev. Stat. 1951, ch. 38, par. 732, with 134 Ill. 2d R. 402.) Accordingly, the record demonstrates that the defendant's guilty plea did not result from defense counsel's alleged promise that the defendant would receive probation.

We reject the defendant's claim that, by focusing on the trial court's admonitions, we are creating a *per se* rule rendering admonitions invulnerable to subsequent challenge. We simply hold that under the circumstances of this case, such lengthy and exhaustive admonitions cannot be disregarded as merely a ritualistic formality.

After reviewing the record, we agree with the trial court that the defendant's allegations concerning the voluntariness of his guilty plea and the effective assistance of counsel are without merit, and that the peti-

tion for post-conviction relief was therefore properly dismissed.

## II

The second argument raised by the defendant is that the trial court improperly dismissed his petition as "patently without merit" where the defendant's factual allegations raised a constitutional issue as to whether his appellate counsel labored under a conflict of interest. The defendant argues that his attorney acted under a conflict of interest by representing the defendant on appeal when there was a legitimate issue concerning the same attorney's competence at the plea proceedings. The defendant contends that his attorney's interest in protecting his professional reputation conflicted with the defendant's interest in advancing the claim of ineffective assistance of counsel. Because the defendant's attorney acted under a conflict of interest, defendant claims, he was ultimately denied the effective assistance of counsel.

A defendant is guaranteed the effective assistance of appellate counsel. (*People v. Flores* (1992), 153 Ill. 2d 264, 277, citing *Evitts v. Lucey* (1985), 469 U.S. 387, 393-97, 83 L. Ed. 2d 821, 828-30, 105 S. Ct. 830, 834-37.) The right to effective assistance of counsel under the sixth amendment of the United States Constitution entitles a criminal defendant to the undivided loyalty of counsel, free from conflicting interests or inconsistent obligations. (*People v. Flores* (1989), 128 Ill. 2d 66, 83.) This court has also held that it is unreasonable to expect appellate counsel to raise and argue his or her own incompetency. (*People v. Gaines* (1984), 105 Ill. 2d 79, 91.) Having set forth these principles, we will now examine them in the context of the defendant's case.

The defendant relies on *People v. Fields* (1980), 88 Ill. App. 3d 821, as support for his contention that his attorney was laboring under a conflict of interest for

representing the defendant on appeal. In *Fields*, following the defendant's conviction, a presentence report was prepared and filed which contained a written statement by the defendant in which he expressed his dissatisfaction with his appointed trial attorney and requested a new trial. The same attorney who represented the defendant at trial filed a post-trial motion for a new trial but failed to raise the issue of ineffective assistance of counsel. At the subsequent hearing, the defendant orally stated to the court his dissatisfaction with his attorney's representation at trial; however, the court denied the motion for a new trial. The defendant then presented the court with a *pro se* request for a new trial which alleged defense counsel's incompetence, but the court never ruled on the defendant's request.

On appeal, the defendant argued that his attorney labored under a conflict of interest at the hearing on the post-trial motions and sentencing because, in his written statement, the defendant sought a new trial on the grounds of that same attorney's incompetence. (*Fields*, 88 Ill. App. 3d at 823.) The defendant maintained that his attorney's interest in protecting his professional reputation conflicted with the defendant's interest in advancing his claim of ineffective assistance. (*Fields*, 88 Ill. App. 3d at 823.) The *Fields* court held that the defendant's attorney operated under a conflict of interest when the attorney was called upon to argue his own ineffectiveness, and that the attorney had a duty to withdraw from the case when the defendant requested a new trial due to the ineffective assistance of counsel. *Fields*, 88 Ill. App. 3d at 823-24.

We find that *Fields* is factually distinguishable from the instant case. In the instant case, the defendant never expressed dissatisfaction with his counsel or an ineffective assistance argument at the guilty plea hearing, at his sentencing hearing, or at the hearing on his motion

to withdraw the guilty plea. The defendant had the opportunity to express his dissatisfaction with his trial attorney in open court on numerous occasions but failed to do so. Instead, the defendant attacked his trial counsel's effectiveness for the first time in his post-conviction petition. As the appellate court found, because the defendant failed to raise the ineffectiveness argument before the appeal from his conviction, his appellate counsel was not laboring under a conflict of interest. (242 Ill. App. 3d at 959.) The defendant's failure to raise his claim of trial counsel's incompetency prior to appeal removed any purported conflict since counsel was not required to argue his own ineffectiveness. Since there was no conflict of interest, the defendant was not denied his right to effective assistance of counsel on this basis. Accordingly, the trial court appropriately dismissed the defendant's petition, which alleged that appellate counsel acted under a conflict of interest, for lack of merit.

## CONCLUSION

For the reasons stated, we hold that the trial court did not err in summarily dismissing the defendant's post-conviction petition as "patently without merit." Accordingly, we affirm the decision of the appellate court, which upheld the trial court's summary dismissal of the defendant's post-conviction petition.

*Affirmed.*