No. 2--01--0101 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

  )  

Plaintiff-Appellee, )

                                )                   

v. ) No. 98--CF--415  

)

DAVID FRIEND,     ) Honorable

) Michael J. Burke,  

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE BYRNE delivered the opinion of 
the
 court:

Defendant, David Friend, pleaded guilty to possessing a controlled substance with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 1998)).  The trial court denied defendant's motion to withdraw the plea and defendant appeals, arguing that his attorney labored under a conflict of interest during the postplea proceedings because defendant had questioned his competency.

Defendant was charged with possession of a controlled substance with intent to deliver and possession of cannabis.  During pretrial proceedings, he was represented by three different attorneys.  While represented by the last of these, Manos Kavvadias, defendant pleaded guilty to possession with intent to deliver.  There was no agreement about a sentence.  We reverse and remand.

Before sentencing, Kavvadias filed a motion to withdraw defendant's guilty plea.  The motion alleged, 
inter alia
, that defendant had been "forced into a plea of guilty."  At a hearing, Kavvadias explained that he filed the motion based on defendant's statements in the presentence report.  There, defendant stated that he had been "blackmailed" into pleading guilty and questioned the quality of Kavvadias's representation.

Kavvadias referred the court to a section of the presentence report entitled "Defendant's Attitude Toward Offense," containing defendant's verbatim statements, and invited the court to question defendant.  The court replied that the motion lacked any specific allegations to show that the plea was coerced.  The court denied the motion, finding no reason to believe that defendant "was operating under any type of misapprehension of law or fact."  The court focused on the last paragraph of defendant's statement in which he said, "I plead guilty hoping to get lienecy [
sic
]."  The court observed that not getting a lenient sentence was not a sufficient reason to withdraw a plea.

Two weeks later, the court sentenced defendant to 10 years' imprisonment.  Defendant then renewed his motion to withdraw the plea.  The court again denied the motion and defendant timely appeals.

Defendant contends that he should receive a new hearing on his motion because Kavvadias should have withdrawn as his counsel when he realized that defendant was criticizing his performance.  Defendant cites 
People v. Willis
, 134 Ill. App. 3d 123, 131 (1985), 
People v. Fields
, 88 Ill. App. 3d 821, 823 (1980), and 
People v. Norris
, 46 Ill. App. 3d 536, 541 (1977).  Those cases held that an attorney should move to withdraw when the client criticizes his or her representation.

In 
Fields
, the defendant complained after his bench trial that his lawyer failed to call certain witnesses, but the same attorney continued to represent him during posttrial proceedings.  Recognizing that the attorney labored under a conflict of interest, the court ordered a new hearing on the defendant's posttrial motion.  
Fields
, 88 Ill. App. 3d at 823.  In 
Willis
, this court in remanding the cause for a new hearing observed that an attorney forced to argue his own ineffectiveness "must be seen as laboring under divided loyalties."  
Willis
, 134 Ill. App. 3d at 131.

This case is similar to 
Willis
, 
Fields
, and 
Norris
 in that Kavvadias presented a motion to withdraw the guilty plea that incorporated defendant's allegations of Kavvadias' ineffective representation.  Kavvadias should have moved to withdraw when he realized that defendant was questioning his professional judgment.

The State does not attempt to distinguish these cases, but responds with a three-pronged attack.  First, the State argues that defendant's guilty plea waived his contentions.  Second, it contends that, regardless of Kavvadias's conflict of interest, the trial court independently evaluated defendant's allegations of ineffective representation.  Third, the State maintains that the court properly found those allegations to be without merit.

We can briefly dispose of the State's first argument.  According to the State, a guilty plea waives any claim of a deprivation of constitutional rights that occurred prior to the guilty plea.  See 
Tollett v. Henderson
, 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct. 1602, 1608 (1973).  This includes allegations that defense counsel labored under a conflict of interest.  
People v. Canales
, 86 Ill. App. 3d 738, 741-42 (1980).  These cases do not apply here for the simple reason that the claimed conflict of interest arose 
after
 defendant entered his plea.  Defendant claims that Kavvadias had a conflict of interest  in arguing the postplea motion, and in this appeal merely seeks a new hearing on that motion.  Defendant's plea did not waive his right to assert a constitutional deprivation that occurred after the plea was entered.

Next, the State asserts that the trial court independently evaluated defendant's allegations, thus rendering moot any conflict of interest of defense counsel.  The State cites cases holding that where a defendant raises 
pro se
 allegations of ineffective assistance, the court should conduct a preliminary investigation to determine whether the charges have arguable merit.  If the court finds that the claims lack merit or pertain only to trial strategy, the court may deny the
 motion without appointing new counsel.  See 
People v. Cabrales
, 325 Ill. App. 3d 1, 5 (2001).  The State contends that this is essentially what happened here.  We disagree.

Initially, the State questions whether these cases apply because it was Kavvadias, rather than defendant, who brought defendant's allegations to the court's attention.  We find this a distinction without a difference.  It is clear that Kavvadias was little more than a conduit to convey defendant's statements to the trial court; he neither physically incorporated the statements into his motion nor argued their merits to the court.  In practical terms, the court was faced with nothing more than defendant's 
pro se
 allegations.

It is clear that the trial court did not adequately investigate defendant's allegations.  The supreme court recently reiterated that when a defendant presents a posttrial ineffective assistance of counsel claim, the trial court should first examine the claim's factual basis and, if the allegations show the possible neglect of the case, appoint new counsel.  
People v. Moore
, No. 87958, slip op. at 8 (May 22, 2003); see also 
People v. Chapman
, 194 Ill. 2d 186, 230 (2000); 
People v. Munson
, 171 Ill. 2d 158, 199-200 (1996).  The court explained the reasons for the procedure as follows:

"The new counsel would then represent the defendant at the hearing on the defendant's 
pro se
 claim of ineffective assistance. [Citations.] The appointed counsel can independently evaluate the defendant's claim and would avoid the conflict of interest that trial counsel would experience if trial counsel had to justify his or her actions contrary to defendant's position."  
Moore
, slip op. at 8.

In 
Moore
, the trial court did not conduct any inquiry into the defendant's allegations.  Apparently misunderstanding the basis of the defendant's motion, the court believed that it could grant the requested relief by appointing the appellate defender to represent the defendant on appeal.  
Moore
, slip op. at 9.  The supreme court emphasized that the trial court had to conduct some type of inquiry and remanded the cause for that purpose.  
Moore
, slip op. at 9.

Here, too, the trial court conducted no inquiry into defendant's allegations of ineffective assistance of counsel.  The court did not discuss the substance of the claims with Kavvadias and did not question defendant about his claims although he was available for that purpose.  Instead, focusing on one sentence from defendant's statement, the court concluded that defendant pleaded guilty in the hope of obtaining leniency, which was not a valid reason to withdraw the plea.  This was not the type of inquiry contemplated by 
Moore
 and its progenitors.

The State also contends, however, that any error that did occur was harmless because defendant's allegations clearly lack merit.  Again, we disagree.

The State focuses on defendant's statements that Kavvadias "Blackmailed me into pleading guilty with me getting more time if I go to trail [
sic
]" and "I plead guilty hoping to get lienecy [
sic
]."  The State takes these statements to mean that defendant, facing the inevitably difficult choices of one charged with serious crimes, followed his lawyer's advice and pleaded guilty, hoping to obtain a favorable sentence.  Then, upon being disappointed, defendant blamed his lawyer for the difficult choices he faced.

If defendant's entire statement consisted of those two sentences, we might be inclined to agree with the State's interpretation.  However, the complete statement, which occupies five pages of the presentence report, asserts that Kavvadias charged him $10,000 for filing motions but did not file any.  After paying three lawyers $26,000, much of which was borrowed from relatives, defendant "had no choice but to plead guilty under those coniditons [
sic
]."

The allegations that defendant paid his lawyer for motions that were never filed, leaving him without funds with which to fight the case further, deserve further scrutiny.  If true, they would tend to show that defendant pleaded guilty because he simply ran out of money to defend the case, which in turn resulted from paying his lawyers for services that they never performed.  Under these circumstances, we cannot say that the trial court's failure to investigate these allegations was harmless.

We reached a similar result in 
Cabrales
.  There, as here, the defendant moved to withdraw his plea, alleging that he received ineffective representation.  We held that the court's failure to  investigate was not harmless.  Many of the alleged instances of ineffectiveness occurred outside the trial court's presence.  Thus, the court could not have evaluated the defendant's claims solely on the basis of what it had observed during the proceedings.  
Cabrales
, 325 Ill. App. 3d at 6.  Here, too, defendant's allegations about his relationship with Kavvadias refer to incidents that took place outside the trial court's presence.  The court did not attempt to question either Kavvadias or defendant about the allegations.  We cannot say that the trial court properly rejected defendant's claims without any investigation.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and GROMETER, JJ., concur.