*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00532-CR

Eddie R. **SOSA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A07-75
Honorable Stephen B. Ables, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
        Sandee Bryan Marion, Justice
        Phylis Speedlin, Justice

Delivered and Filed:   July 8, 2009

AFFIRMED

Appellant, Eddie R. Sosa, pled guilty, without a plea agreement, to three counts of aggravated assault. The trial court assessed punishment at sixty years' confinement on each count, with the sentences to run concurrently. In a single issue on appeal, Sosa contends he did not receive effective assistance of counsel during the sentencing phase because his trial counsel had an actual conflict of interest. We affirm the trial court's judgment.

**BACKGROUND**

Sosa initially pled not guilty to the three counts against him, and trial before a jury commenced. During defense counsel's cross-examination of Ms. Rhonda Ramos (the complainant), Sosa interrupted the proceedings and asked to approach the bench. Before the trial court could excuse the jury, Sosa stated, "My lawyer wants me to commit perjury on the stand and I want these people [the jury] to know that . . . and I want Ms. Ramos in here too." The trial court excused both the jury and Ms. Ramos. At a bench conference, with Sosa, defense counsel, and the prosecutor, Sosa said he did not want "to put Ms. Ramos through anymore of this, no more. . . . I would like this to end and I'm throwing myself on the court . . . ." The trial court explained the only way to stop the trial would be for Sosa to enter into a plea arrangement, at which point Sosa stated, "Well, the trial - - you want me to go forward with the trial with a lawyer that wants me to commit perjury on the stand. . . . That's why I want the jury in here to listen to this."

The trial court attempted to explain to Sosa that he could tell his story during trial when he testified. However, Sosa restated his desire to not subject Ms. Ramos to further questioning. When the trial court told Sosa it would not stop the trial unless he entered into a plea arrangement, Sosa agreed to plead guilty. Following a brief conference at which Sosa, defense counsel, and the prosecutor reached an agreement, the trial court accepted Sosa's plea of guilty and his plea of true to the enhancements. A formal sentencing hearing was set to commence after completion of the presentence investigation. Before the trial court ended the guilt phase, however, the prosecutor stated her concern over Sosa's allegation that his attorney wanted him to commit perjury, to which Sosa responded:

> That, you know, those statements were made back there between me and my attorney. Only me and my attorney knows what really went on back there, so I can't

– I'm not going to say that didn't happen, because it did happen, but I'm not going to – you know, I can sit here and say anything I want, but again, that – you know, that was back there with me and my attorney and I can say he did and he can say he didn't, you know. It's just going to be that way.

When the trial court asked if he was comfortable making his plea, Sosa replied, "That's not why I pleaded guilty. I pleaded guilty because, again, I say it's for Ms. Ramos. It has nothing to do with [defense counsel]." Prior to sentencing, defense counsel filed a motion to withdraw, in which he stated good cause existed for his withdrawal because Sosa refused to cooperate, Sosa accused him "of siding with the prosecution," and he could not effectively communicate with Sosa "in a manner consistent with good attorney-client relations. He has accused his attorney of unethical conduct." The trial court denied the motion.

At the sentencing hearing nothing further was said about the perjury allegation. Sosa filed a motion for new trial, in which he did not complain about any conflict of interest or that his attorney wanted him to commit perjury. The motion for new trial was overruled by operation of law, and Sosa filed this appeal.

## CONFLICT OF INTEREST

On appeal, Sosa contends that when a defendant accuses his attorney of attempting to suborn perjury, "an obvious conflict of interest arises because the attorney can no longer argue at sentencing that his client is credible in expressing remorse."

An attorney's conflict of interest may result in ineffective assistance of counsel. *Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997). To demonstrate that a conflict of interest violated his right to reasonably effective assistance of counsel, a defendant must show that: (1) an actual conflict of interest existed, and (2) trial counsel actually acted on behalf of those other interests during the trial. *Acosta v. State,* 233 S.W.3d 349, 355 (Tex. Crim. App. 2007). An actual

conflict of interest exists if counsel is required to choose between advancing his client's interests in a fair trial or advancing other interests, including his own, to the detriment of his client's interest. *See Ex parte Morrow,* 952 S.W.2d at 538. A showing of a potential conflict of interest is not sufficient to constitute an actual conflict of interest. *Ex parte McFarland,* 163 S.W.3d 743, 759 n.52 (Tex. Crim. App. 2005); *James v. State*, 763 S.W.2d 776, 780 (Tex. Crim. App. 1989) ("potential, speculative conflicts of interest" may not be "elevated to the position of actual, significant conflicts"). Therefore, the issue here is whether Sosa's *allegation* that his attorney wanted him to commit perjury is enough to create an *actual* conflict of interest. We conclude it does not.

On appeal, Sosa relies on *People v. Brown*, 352 N.E.2d 15 (Ill. App. Ct. 1976), for his argument that the "conflict was readily apparent" because his defense counsel "having been accused of perjury, was placed in the awkward position of defending himself and denying the validity of defendant's accusation while urging the court to consider defendant's good moral character in an attempt to obtain probation or leniency." *Id.* at 17. However, in *Brown*, the defendant's allegation was specific: "Prior to the date set for the sentencing hearing, defendant submitted a letter to the court in which he denied participating in the sale [of narcotics] but admitted that his testimony that he was not present at the sale and was not acquainted with Herbert Anderson was not true. Defendant stated that he committed perjury because his attorney conditioned his representation of defendant on defendant testifying falsely." *Id.* at 16.

Unlike in *Brown*, Sosa's allegation against his attorney was not specific. During the guilt phase, the trial court provided Sosa with an opportunity to explain his allegation that defense counsel wanted him to perjure himself on the stand. Sosa provided no specifics to support his allegation. In his motion for new trial, Sosa did not raise the complaint. Even on appeal, Sosa provides no

further details in support of his allegation except to argue defense counsel was unable to vouch for Sosa's credibility because counsel "suffered from an acute conflict of interest that could not help but impair [counsel's] representation . . . ." Although an allegation of perjury may raise a potential conflict that "may become an actual conflict, . . . we decline to speculate about a strategy an attorney might have pursued, but for the existence of a potential conflict of interest, in the absence of some showing that the potential conflict became an actual conflict." *Routier v. State*, 112 S.W.3d 554, 585 (Tex. Crim. App. 2003).

## CONCLUSION

For the reasons stated above, we conclude Sosa's allegation against his attorney amounts to no more than a potential, speculative conflict of interest, which we will not elevate to the position of an actual, significant conflict. Therefore, we overrule Sosa's issue on appeal and we affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish