2020 IL App (2d) 180972-U
No. 2-18-0972
Order filed November 16, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-225 |
| SHADRIC SMITH, | ) ) | Honorable Liam C. Brennan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Birkett and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1  *Held*: Defendant did not show prejudice to support his argument that postconviction counsel provided unreasonable assistance in failing to allege that defendant did not consent to a search of his cell phone; we held in defendant's direct appeal that probable cause existed to arrest defendant before his phone was searched; therefore, even if the incriminating texts found on the phone were suppressed, it would not have affected the validity of defendant's arrest.

¶ 2  Defendant, Shadric Smith, appeals the summary dismissal of his petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) in connection with his conviction of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2014)).  He contends that he did not receive reasonable assistance from the

counsel he retained to prepare the petition, because counsel failed to assert in the petition that defendant did not consent to a search of his cell phone. We affirm the dismissal, because defendant has not shown prejudice to support a claim of unreasonable assistance of postconviction counsel.

¶ 3                                  I. BACKGROUND

¶ 4     Defendant was indicted on February 19, 2015. Before trial, he moved to quash his arrest and suppress evidence. He alleged, among other things, that he did not consent to a search, but he did not specify which search was nonconsensual. At the hearing on the matter, Special Agent Wojtek Kowal testified that he was working with a team of officers and a cooperating individual, Kayla Anderson, who had been arrested for selling narcotics and who agreed to provide the source of crack cocaine in the area. Anderson told Kowal that her supplier was a tall black male with a large build named "Joe" and that he drove a gray, boxy SUV. She also told Kowal the supplier's phone number and said that she had been purchasing crack cocaine from him weekly. A subsequent investigation revealed that the phone number was not assigned to anyone named Joe.

¶ 5     Kowal, while present with Anderson and watching her, had her text the supplier stating that she wanted to purchase crack cocaine. The supplier told her to meet him around 8 p.m. at the parking lot of a Red Roof Inn hotel. The police set up surveillance at the hotel. At 8 p.m., Anderson texted that she was almost to the hotel, and the supplier responded that he would be there in three minutes. At 8:26 p.m., the supplier called Anderson and told her that he had driven to the Red Roof Inn but could not find her. About a minute later, Anderson called back, and the supplier told her to meet him at a nearby Denny's parking lot. She put the call on speaker so that Kowal could hear the conversation. The other police units were notified and moved closer to the Denny's. On the way to the Denny's, Anderson saw a light gray vehicle and identified it as the vehicle that the supplier would be driving.

¶ 6 Kowal drove to the restaurant parking lot, and Anderson immediately identified a light gray SUV as the supplier's vehicle. Defendant was the driver. Both Kowal and another officer, Special Agent Arthur Zlotnicki, testified that they did not recall seeing any other box-like SUVs in the parking lot. Defendant attempted to drive away, but surveillance unit vehicles blocked him from doing so. Defendant was removed from his vehicle, placed on the ground, and handcuffed. After defendant was handcuffed, he was searched. Officers found cash and two cell phones but no drugs. A search of the SUV revealed no drugs. Anderson immediately identified a photo of defendant as her supplier, "Joe."

¶ 7 Defendant waived his *Miranda* rights (see *Miranda v. Arizona*, 384 U.S. 436 (1966)) and denied having crack cocaine. He initially said that he was waiting for his girlfriend, who was at work. He then said that he had come to the area to sell crack cocaine but that he had thrown it out the window in a Target parking lot. Another team member, Sergeant Andrew Anselm, had Anderson call her supplier's phone number and one of defendant's phones rang. Zlotnicki testified that defendant consented to a search of his two cell phones. Defendant told Zlotnicki the passcodes for the phones. One of the phones had incriminating text messages on it regarding the purchase of crack cocaine.

¶ 8 Zlotnicki testified that defendant also consented to a search of a room at the hotel. Defendant said that a man named Charles rented the room for him and that there might be crack cocaine there. No drugs were found in the room. A search of the Target parking lot failed to disclose any drugs. When defendant was searched at the police station, crack cocaine was found in his sock. The police did not procure consent-to-search forms and did not have a warrant.

¶ 9 The trial court denied defendant's motion to suppress. The court found that defendant was arrested when he was removed from the SUV, placed on the ground, and handcuffed. The court

also found that Anderson was a reliable informant. The court stated that, although it was a close case, there was probable cause to arrest defendant.

¶ 10    Defendant moved to reconsider, arguing that the information the police obtained lacked independent corroboration. The State argued that the text messages were corroboration. The court inquired about the texts and noted that the police were aware of the content of them before the arrest. Repeating that it was a close case, the court denied the motion.

¶ 11    Defendant was convicted after a stipulated bench trial, and he appealed, arguing that the trial court erred in denying his motion to suppress. We affirmed, noting that Anderson was a reliable source and that her information, along with the observations by the police, provided probable cause to arrest defendant for possession with the intent to deliver crack cocaine. *People v. Smith*, 2018 IL App (2d) 170182-U, ¶ 30.

¶ 12    On August 15, 2018, defendant, through counsel, filed a postconviction petition. In it, he alleged that the police lacked probable cause to arrest him and subjected him to an unlawful search and seizure. He also alleged ineffective assistance of trial counsel because counsel (1) did not cross-examine officers regarding a discrepancy about the color of defendant's SUV, (2) failed to impeach officers with their police reports, (3) failed to seek sanctions for lack of a video recording of the stop, and, (4) failed to develop a defense at trial. He also alleged ineffective assistance of appellate counsel. He provided an affidavit that included an allegation that he did not consent to the search of his phones. The trial court summarily dismissed the petition as frivolous and patently without merit. Defendant appeals.

¶ 13                                                    II. ANALYSIS

¶ 14    Defendant contends that he did not receive reasonable assistance from his postconviction counsel. Defendants notes that, despite defendant's affidavit stating that he did not consent to a

search of his phones, counsel neglected to include in the postconviction petition an allegation that trial counsel was ineffective for failing to challenge that search. Defendant argues that, had trial counsel raised that issue in the motion to suppress, the outcome of the proceeding would likely have been different.

¶ 15    The Act provides a remedy to defendants who have suffered substantial violations of their constitutional rights. See 725 ILCS 5/122-1 (West 2018); *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001); *People v. Ramirez*, 162 Ill. 2d 235, 238-39 (1994). There are three stages to proceedings under the Act. *Edwards*, 197 Ill. 2d at 244. At the first stage, a defendant need present only a limited amount of detail in the petition. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The trial court independently reviews the petition within 90 days of its filing and determines whether the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018); *Edwards*, 197 Ill.2d at 244.

¶ 16    A petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* At this stage, the court treats allegations of fact as true so long as those allegations are not affirmatively rebutted by the record. *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 47. We review the summary dismissal of a petition *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 17    A defendant has no right to appointed counsel at the first stage of proceedings under the Act. *People v. Ligon*, 239 Ill. 2d 94, 118 (2010). However, a defendant may retain counsel at the first stage of proceedings and retained counsel must provide a reasonable level of assistance. *People v. Johnson*, 2018 IL 122227, ¶ 23. A reasonable level of assistance is less than that afforded by the federal or state constitutions. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 18    An analysis based on *Strickland v. Washington*, 466 U.S. 668 (1984) is applicable to claims of unreasonable assistance made on appeal from a first-stage dismissal. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59. "[I]f postconviction counsel's performance cannot be deemed deficient under *Strickland*, it cannot be said that counsel failed to provide the reasonable level of assistance required under the Act." *People v. Hotwagner*, 2015 IL App (5th) 130525, ¶ 37. "[U]nder the *Strickland* standard, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice." *Id.* ¶ 34. "A defendant's failure to establish either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *People v. Henderson*, 2013 IL 114040, ¶ 11. To establish prejudice, the petition must allege facts to show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *People v. Colon*, 225 Ill. 2d 125, 135 (2007). Proof of prejudice cannot rest on mere conjecture or speculation. *People v. Bew*, 228 Ill. 2d 122, 135 (2008).

¶ 19    Here, defendant's argument fails because he has not shown prejudice from trial counsel's failure to challenge the search of defendant's cell phone and, therefore, has not shown prejudice from postconviction counsel's failure to allege that trial counsel was ineffective. As we noted on direct appeal, Anderson was a reliable source. She was known to the police and told the police that she had weekly purchased cocaine from defendant. Then, in the presence of the police, who observed her texts, she texted defendant to arrange a drug purchase, and he agreed to sell her crack cocaine. Also in the presence of police, Anderson then arranged to meet defendant at a certain location at a specified time, putting a phone call about the matter on speaker phone for the police to hear. Defendant arrived at the prearranged location within the agreed-to time frame. He was driving a vehicle consistent with Anderson's description. He himself also met the description

given by Anderson. As we held on direct appeal, under the totality of the circumstances, the police had probable cause to arrest defendant. *Smith*, 2018 IL App (2d) 170182-U, ¶ 30. Our determination of probable cause *is res judicata* in this proceeding. See *People v. Davis*, 2014 IL 115595, ¶ 13.

¶ 20     That the police later also viewed the text messages on defendant's phone is not a deciding factor, because, at the time of the arrest, Anderson was already shown to be reliable and the police already had probable cause to arrest defendant based on the information that she provided, which included her text exchange that the police witnessed firsthand. Moreover, aside from the texts, the connection between Anderson's phone and defendant's phone was established when Anderson was directed to call the number with which she had been exchanging texts and defendant's phone rang. Thus, even if the court were to rule that the evidence found on defendant's phone was inadmissible, it would not change the outcome of the suppression hearing, because probable cause to arrest defendant existed before the phone was searched.

¶ 21                              III. CONCLUSION

¶ 22     There was probable cause to arrest defendant apart from the text messages viewed on defendant's cell phone. Thus, defendant did not show prejudice and, in turn, did not show unreasonable assistance of postconviction counsel for failing to raise the issue of lack of consent to search his phone. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

¶ 23     Affirmed.