NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190692-U

NO. 4-19-0692

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| VERNON SCOTT LEE, | ) | No. 15CF751 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Derek J. Girton, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion
for leave to withdraw and affirmed the trial court's denial of defendant's *pro se*
postconviction petition where no meritorious issues could be raised on appeal.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender

(OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in

this case.  For the reasons that follow, we grant OSAD's motion and affirm the trial court's

judgment.

¶ 3                                 I. BACKGROUND

¶ 4    On April 1, 2016, the State filed an amended information charging defendant with

(1) two counts of attempted first degree murder (720 ILCS 5/8-4(a) (West 2014)) (counts I and

II), (2) two counts of aggravated battery with a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West

2014)) (counts IV and VI), (3) two counts of aggravated battery with a firearm (720 ILCS

5/12-3.05(e)(1) (West 2014)) (counts III and V), (4) two counts of aggravated unlawful restraint (720 ILCS 5/10-3.1(a) (West 2014)) (counts VII and IX), and (5) three counts of unlawful restraint (720 ILCS 5/10-3(a) (West 2014)) (counts VIII, X, and XI).

¶ 5                                     A. Guilty Plea

¶ 6         At a November 18, 2016, hearing, the State recited the plea agreement reached by the parties, stating:

> "Judge, we are looking at the amended information from April 1st of 2016. The defendant will plead guilty to Count I, the attempt[ed] first[ ]degree murder. The remaining charges will be nol[-]prossed. This particular charge is Class X, 85 percent. The special penalty adds 25 years to life, so the minimum is 31 to life. He is pleading guilty to that charge for a flat 39. We will, I believe, waive PSI and proceed to sentencing today. We have credit. Also at sentencing we will be presenting through admission the victim impact statements."

The trial court then confirmed with defense counsel the terms of the agreement. Defense counsel confirmed the terms of the plea agreement. The court then questioned defendant about his educational and medical history. Defendant acknowledged he was able to make important life decisions.

¶ 7         The trial court then admonished defendant pursuant to Illinois Supreme Court Rule 402 (a) (eff. July 1, 2012). Specifically, the court stated,

> "Count I alleges that on or about November 5, 2015, with the intent to commit the offense of first-degree murder, in violation of

Illinois law, you knowingly performed a substantial step toward the commission of that offense by personally discharging a firearm that proximately caused great bodily harm to Donald Frazier, in violation of Illinois law.

* * *

Now, sir, as I mentioned, this is a Class X felony under Illinois law. Because of the discharge of a firearm in the commission of that offense, it carries a special penalty. This offense as to you is nonprobationable. And as to the allegations, the minimum term of incarceration upon conviction would be 31 years; the maximum term would be your natural life. This offense carries a possible fine of up to $25,000.

* * *

Sir, you have a right to plead guilty or not guilty to this charge. You have already pled not guilty and if you persist or continue in that plea of not guilty, you have a right to a trial. That trial may be either before a judge or a jury. At that trial you have a right to be present, to be represented by an attorney, to hear and challenge the State's evidence, to cross-examine its witnesses, to present any evidence that you wish, including testifying yourself should you choose to do so, but no one can force you to testify against yourself. At that trial the State is required to prove your

guilt beyond a reasonable doubt, and if it fails to do so, the charge and charges against you would be dismissed.

* * *

If I accept a plea agreement in your case, you will be giving up the trial rights that I have just stated. If you plead guilty, you will not have a trial. You will be giving up your rights to hear and challenge the State's evidence, to present your own evidence, and to require the State to prove your guilt beyond a reasonable doubt.

* * *

Now, sir, as I understand the terms of your agreement, you will plead guilty to Count [I] of the amended information, that being the offense of attempt[ed] first-degree murder, special penalty, personally discharged a firearm that proximately caused great bodily harm. In return for your plea to Count [I], Counts [II] through [XI] of the amended information will be dismissed upon motion of the State. You will be sentenced to a term of incarceration in the Illinois Department of Corrections of 39 years, followed by 3-years mandatory supervised release and that used to be called parole. Under the sentencing guidelines, you will serve 85 percent of that sentence.

Is that your understanding of the terms of this agreement, sir?"

Defendant responded affirmatively to the court's recitation of the plea agreement. The court asked defendant, "Has anything been promised to you or told to you about your plea agreement that I have not heard today?" Defendant responded, "No." Defendant acknowledged he entered into the agreement freely and voluntarily. The court also asked defendant, "And this is how you want your case handled today?" Defendant responded, "Yes."

¶ 8            Defendant reviewed and signed an admonishment of rights form which indicated he was pleading guilty to count I, attempted first degree murder (special penalty), in exchange for a "flat 39" years' imprisonment and dismissal of the remaining counts. Defendant also signed a jury waiver form.

¶ 9            The State then provided a factual basis of the case as follows:

> "If this were to go to trial, the State would call Vermilion County Sheriff's Department Deputy Goodner. He would testify that back on November 5th of 2013, he responded out to 37322 North 370 East Road in Rankin, Illinois, Vermilion County, along with other deputies, including Pasquale and Haley.
>
> Upon arrival, he found by the garage a Donald Frazier who had trauma to his face, had lost an apparent amount of blood, had said that Vernon Scott Lee, the defendant, who he would identify, did this to him. He was shot and his feet were bound.
>
> The State would also call Tom Harden from Arrow Ambulance who would testify he took Mr. Frazier to the hospital. There was barbed wire on him. The victim, Mr. Frazier, had said

that the defendant had struck him with a pipe as well, and Mr. Harden would describe the multiple gunshot wounds.

The State would call Jodi Davis, RN, who would testify beyond that that there was also a fracture to the victim's head and at that time he was in critical condition as a result of the defendant personally discharging the firearm and causing the great bodily harm.

The State would also call Sharon Frazier, Emily Lee[,] and Jeffery Turner, who would testify to the events of that day where the defendant came over to the home when Sharon and Donald were present, held Sharon against her will, did the bodily harm to Donald. He lured Emily and Jefferey over, shot Jefferey, held Emily against her will. He eventually left, was found, taken into custody after he had shot himself, and taken to the hospital as well."

The trial court found there was a factual basis to support the charge.

¶ 10        Then, the trial court asked defendant, "[Defendant], do you want me to accept your plea agreement today?" Defendant responded, "Yeah." The court stated, "How do you plead to the offense of attempt[ed] first[ ]degree murder, special penalty, personally discharged a firearm that proximately caused great bodily harm to Donald Frazier?" Defendant responded, "Guilty." Subsequently, the court accepted the guilty plea and the plea agreement and sentenced defendant according to the terms of the agreement. Before providing appeal admonishments, the

court asked, "[Defendant], do you have any questions concerning your sentence or anything that's happened in your case today, sir?" Defendant responded, "No."

¶ 11                                    B. Postconviction Proceedings

¶ 12          On July 25, 2019, defendant filed a *pro se* postconviction petition. In the petition, defendant alleged ineffective assistance of plea counsel in violation of his fourteenth and sixth amendment rights. First, defendant argued his counsel failed to

> "interject on behalf of [defendant] that a negotiated plea was
> agreed to between himself, the defendant[,] and Mr. Mockbee [the
> assistant state's attorney] in that the counts relating to counts [II-
> XI] would be dismissed, and the defendant would plead to
> attempted first degree murder *** with no predicate crimes nor
> enhancing charges."

Second, his counsel told him

> "the State offered to dismiss counts [II-XI] in exchange for his plea
> to attempted first degree murder and a plea of six years. As such,
> it was counsel's responsibility and the state[']s attorney[']s to
> ensure that the contract negotiated between counsel and the State
> was properly represented before the court and on behalf of this
> defendant. As such[,] the defendant was illegally sentenced to 39-
> years outside of the statute[.]"

Defendant also alleged the trial court violated his fourteenth amendment right when it sentenced defendant to a term of imprisonment outside of the statute, "where without a predicate crime or agreed to enhancement factor, the defendant could not legally be sentenced to a term beyond

- 7 -

6-to-30 years, yet this court sentenced the defendant to a flat term of 39 years[.]" Defendant argued the court should have sentenced him based on his "original plea agreement" of six years' imprisonment.

¶ 13        On July 31, 2019, the trial court summarily dismissed defendant's *pro se* postconviction petition in a written order. The court determined (1) defendant failed to attach a supporting affidavit to his *pro se* postconviction petition and (2) his petition was "frivolous and patently without merit as the 402 Admonishments signed by the [d]efendant and his attorney clearly sets forth the terms of his plea as entered, including the 39[-]year length, as well as the Special Penalty provision which made the length of sentence permissible under the statute." Specifically, the court found,

> "(1) The defendant's Post-Conviction Petition alleges that the plea [d]efendant entered into either was not the agreement he made; or is an agreement to a period of time in the Department of Corrections beyond what is permitted by statute. In the Petition the [d]efendant states, 'in fact the [d]efendant was told by his attorney that the State offered to dismiss counts [II-XI] in exchange for his plea [to] Attempted First Degree Murder and a plea of six years.' In addition, the [d]efendant argues that the plea was not to include any 'enhancing charges' and therefore the 39[-]year sentence was outside the 6-30 year range for a class X felony conviction.

> (2) The [d]efendant's Petition is not supported by affidavit as required by the Post-Conviction Act.

(3) That at the time of the [d]efendant's plea he and his attorney signed an Admonishment of Rights Under Supreme Court Rule 402 which clearly reflects that the [d]efendant was pleading to Attempted First Degree Murder (Special Penalty) (Personally Discharge Firearm that Proximately Caused Great Bodily Harm). It additionally indicated that the Special Penalty was included and enhanced the possible range of the sentence 25 years to 6 to 55 years in the Department of [C]orrections. Finally, it is clearly stated that the plea is for a flat 39 years."

¶ 14    This appeal followed.

¶ 15                    II. ANALYSIS

¶ 16    On appeal, OSAD argues this case presents no potentially meritorious issues for review. We grant appellate counsel's motion for leave to withdraw and affirm the trial court's judgment.

¶ 17    The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a means by which a defendant may challenge his conviction for violation of federal and state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). The Postconviction Act provides a three-stage process by which a defendant may obtain a remedy for the substantial denial of his constitutional rights at trial. *Id.* at 471-72. At the first stage, the trial court has 90 days to review a petition and may summarily dismiss it if the court finds the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018).

¶ 18        A *pro se* postconviction petition is considered frivolous or patently without merit only if it " 'has no arguable basis either in law or in fact.' " *People v. Brown*, 236 Ill. 2d 175, 184-85, 923 N.E.2d 748, 754 (2010) (quoting *People v. Hodges*, 234 Ill. 2d 1, 16, 912 N.E.2d 1204, 1212 (2009)).  The postconviction petition need only present "the gist of a constitutional claim." *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007).  In considering the petition, the trial court may examine the court file, any transcripts of proceedings, and any action by the appellate court.  725 ILCS 5/122-2.1(c) (West 2018).  Our review of a trial court's dismissal of a defendant's postconviction petition at the first stage is *de novo*.  *People v. Buffer,* 2019 IL 122327, ¶ 12, 137 N.E.3d 763.

¶ 19                    A. Defendant's *Pro Se* Postconviction Petition

¶ 20        OSAD moves to withdraw, arguing this appeal presents no meritorious argument that the trial court erred when it summarily dismissed defendant's *pro se* postconviction petition at the first stage.  Defendant's *pro se* postconviction petition alleged (1) ineffective assistance of plea counsel in violation of his fourteenth and sixth amendment rights where counsel (a) failed to interject on defendant's behalf and inform the trial court that a negotiated plea had been reached whereby counts II-XI would be dismissed in exchange for defendant pleading guilty to attempted first degree murder "with no predicate crimes nor enhancing charges" and (b) informed defendant that the State had agreed to a 6-year sentence in exchange for a guilty plea to attempted first degree murder, yet allowed defendant to plead guilty to a 39-year sentence and (2) the trial court violated his fourteenth amendment right when it sentenced defendant to a term of imprisonment outside of the statute, "where without a predicate crime or agreed to enhancement factor, the defendant could not legally be sentenced to a term beyond 6-to-30 years, yet this court sentenced the defendant to a flat term of 39 years[.]"  OSAD argues defendant's

claims present no potentially meritorious issues for review. This court granted defendant leave to file a response to the motion for leave to withdraw. Defendant did not file a response.

¶ 21                                    1. *Ineffective Assistance of Trial Counsel*

¶ 22            "[T]he right to counsel is the right to the effective assistance of counsel." (Internal quotation marks omitted.) *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Generally, to demonstrate ineffective assistance of counsel, defendant must show counsel's (1) performance fell below an objective standard of reasonableness and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694. If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

¶ 23            OSAD argues defendant's *pro se* petition failed to state the gist of an ineffective assistance of counsel claim because there is no indication his counsel performed deficiently. Moreover, defendant knowingly and voluntarily entered his guilty plea.

¶ 24            Our review of the record shows the allegations of ineffective assistance made in defendant's *pro se* petition are refuted by defendant's responses to the trial court's questions at the guilty plea hearing. See *People v. Ramirez*, 162 Ill. 2d 235, 240, 642 N.E.2d 1224, 1226 (1994). At the plea hearing, the State provided to the court the terms of the agreement that defendant would plead guilty to attempted first degree murder with a special penalty in exchange for the remaining charges being dismissed and a flat 39 years' imprisonment. Defense counsel agreed to the terms of the agreement. Then, the court admonished defendant pursuant to Illinois

Supreme Court Rule 402(a) (eff. July 1, 2012). The court explicitly informed defendant the attempted first degree murder charge carried a special penalty because of the discharge of a firearm in the commission of the offense, defendant was not eligible for probation on the offense, and the minimum term of incarceration would be 31 years due to the firearm enhancement.

¶ 25 The trial court also recited the terms of the plea agreement and asked defendant if he understood the terms of the agreement. Specifically, the court confirmed that defendant would plead guilty to attempted first degree murder with a special penalty in exchange for dismissal of counts II-XI and a flat 39 years' imprisonment. Defendant responded affirmatively to the court's recitation of the plea agreement. The court followed up by asking defendant, "Has anything been promised to you or told to you about your plea agreement that I have not heard today?" Defendant responded, "No." Defendant acknowledged he entered into the agreement freely and voluntarily. The court asked defendant, "How do you plead to the offense of attempt[ed] first[ ]degree murder, special penalty, personally discharged a firearm that proximately caused great bodily harm to Donald Frazier?" Defendant responded, "Guilty."

¶ 26 Defendant also reviewed and signed an admonishment of rights form which indicated he was pleading guilty to count I—attempted first degree murder (special penalty)—in exchange for a "flat 39" years' imprisonment and dismissal of the remaining counts.

¶ 27 We agree with OSAD and the trial court that defendant's ineffective assistance claim in his postconviction petition lacks merit. Nowhere in the record does it show defendant informed the trial court that he agreed to plead guilty to attempted first degree murder without a special penalty. Rather, defendant acknowledged more than once that he understood the terms of the agreement which included the special penalty and a term of 39 years' imprisonment. The

court even asked defendant, "Has anything been promised to you or told to you about your plea agreement that I have not heard today?" Defendant responded, "No."

¶ 28          Moreover, the State recited the terms of the agreement at the plea hearing, including a "flat 39" years' imprisonment, and never discussed a 6-year sentence in exchange for defendant's guilty plea to attempted first degree murder. Defense counsel confirmed the terms of the plea agreement included a "flat 39" and never mentioned a 6-year sentence. Based on the evidence, we find defendant cannot establish his counsel's performance fell below an objective standard of reasonableness. Accordingly, defendant failed to state the gist of a claim of ineffective assistance of plea counsel.

¶ 29                              2. *Sentence*

¶ 30          Defendant's *pro se* petition also alleged the trial court violated his fourteenth amendment right when it sentenced him to a term of imprisonment outside of the statute, "where without a predicate crime or agreed to enhancement factor, the defendant could not legally be sentenced to a term beyond 6-to-30 years, yet this court sentenced the defendant to a flat term of 39 years[.]" Defendant argued the court should have sentenced him based on his "original plea agreement" of six years' imprisonment. OSAD argues defendant's claim is without merit.

¶ 31          The sentencing range for a Class X felony is "not less than 6 years and not more than 30 years." 730 ILCS 5/5-4.5-25(a) (West 2016). Attempted first degree murder is a Class X felony. 720 ILCS 5/8-4(c)(1) (West 2016). However, "an attempt to commit first degree murder during which the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court[.]" 720 ILCS 5/8-4(c)(1)(D) (West 2016).

- 13 -

¶ 32        Here, defendant pleaded guilty to attempted first degree murder with a special

penalty in exchange for a sentence of 39 years' imprisonment.  Defendant's claim the trial court

should have sentenced him based on his "original plea agreement" of six years' imprisonment

lacks merit.  As stated above, the record failed to show the parties ever agreed that defendant

would plead guilty to attempted first degree murder without a special penalty in exchange for a

sentence of six years' imprisonment.

¶ 33        Moreover, the factual basis provided by the State at the plea hearing indicated

defendant personally discharged a firearm that proximately caused great bodily harm to Donald

Frazier.  Because defendant discharged a firearm in the commission of the offense of attempted

first degree murder, his sentence carried a special penalty.  Under these circumstances, the

legislature has mandated that an additional period of 25 years must be added to the sentence,

resulting in a minimum term of incarceration upon conviction of 31 years' imprisonment.

Therefore, the trial court was obligated to impose a sentence that included the 25-year mandatory

firearm enhancement.

¶ 34        We find defendant failed to state the gist of a constitutional claim where his

sentence with the mandatory firearm enhancement fell within the requisite statutory guidelines.

We agree with OSAD and the trial court that defendant's claim lacks merit.  Accordingly, the

trial court properly dismissed defendant's *pro se* postconviction petition at the first stage.

¶ 35                        B.  Procedural Requirements

¶ 36        OSAD also argues this case presents no meritorious issues for review where the

trial court's summary dismissal of defendant's *pro se* postconviction petition complied with the

procedural requirements under the Postconviction Act.

- 14 -

¶ 37     Under the Postconviction Act, at the first stage, the trial court has 90 days to review a petition and may summarily dismiss it if the court finds the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018). If the petition is not dismissed within the 90-day period, the court must docket it for further considerations. 725 ILCS 5/122-2.1(b) (West 2018).

¶ 38     Here, on July 25, 2019, defendant filed a *pro se* postconviction petition. On July 31, 2019, the trial court summarily dismissed defendant's *pro se* postconviction petition in a written order. Therefore, the trial court did not commit procedural error where it summarily dismissed defendant's *pro se* petition within the 90-day period.

¶ 39                                    III. CONCLUSION

¶ 40     For the reasons stated, we grant OSAD's motion for leave to withdraw as counsel on appeal and affirm the trial court's order denying defendant's *pro se* postconviction petition.

¶ 41     Affirmed.